```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| DAVID ALLEN BUTLER, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) Civil Action No. 16-1885 |
| NANCY A. BERRYHILL,[1] COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 11 and 15). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 12 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment (ECF No. 15) and denying Plaintiff's Motion for Summary Judgment. (ECF No. 11).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security insurance benefits pursuant to the Social Security Act. Plaintiff filed his applications alleging he had been disabled since January 1, 2011. (ECF No. 7-7, pp. 6, 10). On December 7, 2012, Administrative Law Judge ("ALJ"), Daniel F. Cusick, found that Plaintiff was not disabled under the Social Security Act. (ECF No. 7-2, pp. 11-31). Plaintiff appealed the case to this court. On September 29, 2015, this court granted Plaintiff's summary judgment in part and remanded

---

[1]Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

for further proceedings consistent with its opinion. (ECF No. 7-15, pp. 6-18). On remand, the ALJ held an additional hearing on July 27, 2016. (ECF No. 7-14). On September 23, 2016, the ALJ again found that Plaintiff was not disabled under the Social Security Act. (ECF No. 7-13, pp. 5-16).

After exhausting all of his administrative remedies thereafter, Plaintiff filed this action. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 11 and 15). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to

last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Listing 12.05(C)

Plaintiff's first argument is that the ALJ erred in failing to properly consider whether Plaintiff's intellectual deficits met or equaled the requirements of Listing 12.05(C). (ECF No. 11, pp. 13-20). In step three of the analysis, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1. *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no

3

further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000).

At issue in this case is Listing 12.05 (intellectual disability). *See,* 20 C.F.R. pt. 404, subpt. P, app. 1 §12.05. Listing 12.05 – Intellectual Disability provides, in relevant part:

> Intellectual disability refers to significantly subaverage general intellectual function with deficits in adaptive functioning initially manifested during developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> . . .
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation or function;

20 C.F.R. pt. 404, subpt. P., app. 1 §12.05(C). Thus, to satisfy Part C, Plaintiff must have: 1) significantly subaverage intellectual functioning with deficits in adaptive functioning initially manifested during developmental period (i.e., before age 22); 2) a valid verbal, performance, or full scale IQ of 60 through 70, and 3) a physical or other mental impairment imposing an additional and significant work-related limitation or function. 20 C.F.R. pt. 404, subpt. P., app. 1 §12.05C. To be found presumptively disabled, a plaintiff must meet all of the criteria of a Listing. 20 CFR §§404.1525(c)(3), 416.925(c)(3). An impairment that meets only some of the criteria, "no matter how severely, does not qualify" for a per se disability determination. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

The ALJ found that "the preponderance of evidence fails to establish manifestations of deficits in adaptive function prior to the claimant attaining age 22." (ECF No. No. 7-13, p. 10). In arriving at this decision, the ALJ indicated that he "evaluated the deficits in *adaptive functioning* under the method used by the American Psychiatric Associations (APA), as defined in the *Diagnostic and statistical Manual of Mental Disorders* (DSM), Fifth Edition. The DSM-5 describes *adaptive functioning* as how well a person meets community standards of personal

independence and social responsibility, in comparison to other of a similar age and sociocultural background." (ECF No. 7-13, p. 10, n.1). The ALJ further set forth the criteria used to assess adaptive functioning.

> The *adaptive functioning* assessment requires the evaluation of three domains: 1) <u>Conceptual</u>, which includes skills in language, reading and writing, math reasoning, acquiring practical knowledge, and problem solving; 2) <u>Social</u>, which includes empathy, interpersonal communication, social judgment, and making and keeping friends; and 3) <u>Practical</u>, which includes personal care, money management, schools and work task organization, and meeting job responsibilities.

*Id.*

In this regard, Plaintiff first argues that the ALJ's analysis fails to include the evaluation of these three domains. (ECF No. 12, pp. 13-17). There is no requirement that the ALJ discuss these domains in any specific manner or that he must use specific language. *Id.* In this case, the ALJ discussed these criteria together stating as follows:

> The evidence fails to indicate that the capsule definition of Listing 12.05 has been satisfied; *i.e.,* that the claimant manifested deficits in adaptive functioning prior to attaining age 22. The claimant graduated from high school and was ranked 120 out of 185 students with a grade point average (GPA) of 2.24 (Exhibit 7E). The claimant worked at several jobs, all of which were semi-skilled work according to the testimony of the vocational expert. The claimant has one adult child. The claimant possess interpersonal skills needed to maintain at least one close friendship for over 20 years, socialize with family members occasionally, and shop for groceries and other household needs without assistance. He resides alone without difficulty and attends to his own personal care needs without assistance. In summary, the preponderance of the evidence fails to establish manifestations of deficits in adaptive functioning prior to the claimant attaining age 22.

*Id.* Plaintiff suggests that this paragraph is misleading because, *inter alia,* the ALJ did not note that Plaintiff's final QPA and class rank were based on his performance in special education classes.[2] (ECF No. 12, p. 15). An ALJ is not required to mention every tidbit of information.

---

[2]Plaintiff also suggests that the ALJ is misleading in other ways such as failing to cite to all of his testimony regarding his interpersonal attributes and the skill level of the jobs he performed. (ECF No. 12, pp. 15-16). "There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record" or that the evidence under each step be discussed in a particular order. *Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001); *Hur v. Barnhart*, 94 Fed. Appx. 130, *2 (3d Cir. April 16,

5

Simply because there is evidence to support his position that he had manifested deficits in adaptive functioning prior to attaining age 22 does not mean that the ALJ's opinion was misleading. To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, Plaintiff's argument in this regard is misplaced.

As set forth above, the ALJ specifically set forth that he used the method used by the American Psychiatric Association (APA), as defined in the *Diagnostic and Statistical Manual of Mental Disorder, Fifth Edition,* to evaluate "adaptive functioning." (ECF No. 7-13, pp. 9-10). Then, the ALJ applied that specifically to the facts of the case. *Id.* at pp. 10-11. After a review of the record, I find the ALJ's analysis in the above paragraph, read alone and in conjunction with his opinion as a whole, adequately discusses the three domains as they relate to Plaintiff. (ECF No. 12, pp. 13-17). Furthermore, based on a review of the record, I find this evidence is supported by substantial evidence. (ECF No. 7-13, pp. 5-16). Therefore, I find no error in this regard and remand is not warranted on this basis.[3]

### C. <u>Treating Physicians</u>

---

2004). I find no merit to this argument.

[3]Plaintiff further argues that the ALJ erred in finding that he does not have a valid verbal, performance, or full scale IQ of 60 through 70. (ECF No. 12, p. 17). Here, the ALJ found that the evidence established that Plaintiff "scored above 70 in verbal, perceptual, and full scale IQ" and that the processing speed score in the 60s was not part of the Listing requirements. (ECF No. 7-13, p. 10). Therefore, the ALJ found that the Plaintiff did not meet second qualification of Listing 12.05(C). (ECF No. 7-13, pp. 10-11). As I stated earlier, to be found presumptively disabled, a plaintiff must meet all of the criteria of a Listing. 20 CFR §§404.1525(c)(3), 416.925(c)(3). An impairment that meets only some of the criteria, "no matter how severely, does not qualify" for a per se disability determination. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). Since the ALJ found that Plaintiff did not meet the preamble requirement regarding adaptive functioning (and I find there is substantial evidence to support said finding), he was not required to discuss the other criteria for Listing 12.05(C). Therefore, whether Plaintiff has a valid verbal, performance, or full scale IQ of 60 through 70 is moot and I need not consider the same.

Plaintiff next asserts the ALJ erred in giving little weight to the opinions of his treating psychiatrist, Dr. Jarrett, and Dr. Eisler, a psychiatrist who evaluated Plaintiff twice. (ECF No. 12, pp. 18-20). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where. . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, the ALJ gave Dr. Jarrett's temporary disability opinion on a form for the Pennsylvania Department of Public Welfare little weight because it conflicts with Dr. Jarrett's notes, is conclusory on the subject of disability and failed to cite to other evidence in support of her findings. (ECF No. 7-13, pp. 13-14). The opinion of Dr. Jarrett is an opinion on the ultimate issue of disability. Such ultimate questions of disability are reserved solely for the ALJ. 20 C.F.R. §404.1527, 416.927. Thus, the ALJ was not required to give such opinion any weight. Therefore, I find no merit to this argument.

The ALJ gave Dr. Eisler's opinion little weight because it was "wholly unsupported by the rest of the medical evidence. As mentioned above, the record contains no other mentions of psychotic symptoms other than in this report. None of the claimant's other treating psychiatrists felt he had a psychotic disorder, and he has never been prescribed antipsychotic medications. He has never been psychiatrically hospitalized, and the claimant has generally reported fair to good symptom control with medication to his treating psychiatrists." (ECF No. 7-13, p. 13). These are valid and acceptable reasons for discounting opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). Furthermore, I find there is substantial evidence of record to support the ALJ's weighing of these opinions. *See,* ECF No. 7-13, pp. 5-16. Consequently, I find no error in this regard. Therefore, remand on this basis is not warranted.[4]

---

[4]In a footnote, Plaintiff argues that the ALJ erred in failing to find his musculoskeletal impairments were severe. (ECF No. 12, p . 20). At step 2 of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe. 20 C.F.R. §§416.920(a), 404.1520(a). When an ALJ finds that a plaintiff suffers from even one severe impairment, the failure to find other impairments

An appropriate order shall follow.

---

severe is not harmful to the integrity of the analysis because the plaintiff is not denied benefits at that stage and the ALJ continues with the analysis. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4-5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012). While the ALJ in this case did not find Plaintiff's musculoskeletal impairments to be severe, he did find other impairments to be severe. (ECF No. 7-13, p. 7). Therefore, Plaintiff was not denied benefits at step 2 and the ALJ proceeded beyond step 2 to determine Plaintiff's residual functional capacity ("RFC"). (ECF No. 7-13, pp. 7-16). Thus, remand on this basis is not warranted.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID ALLEN BUTLER, )
)
        Plaintiff, )
)
 -vs- ) Civil Action No. 16-1885
)
)
NANCY A. BERRYHILL,[5] )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

AND now, this 8th day of February, 2018, it is ordered that the decision of the ALJ is affirmed and Plaintiff's Motion for Summary Judgment (ECF No. 11) is denied and Defendant's Motion for Summary Judgment (ECF No. 15) is granted.

        BY THE COURT:

        s/ Donetta W. Ambrose
        Donetta W. Ambrose
        United States Senior District Judge

---

[5]Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.